(September 15, 1987)

■ WILFRED LABORATORIES, INC., Appellant-Respondent, v FIFTY-SECOND STREET HOTEL ASSOCIATES et al., Respondents-

Appellants, et al., Defendant.—Order of the Supreme Court, New York County (Amos E. Bowman, J.), entered August 5, 1986, which, *inter alia,* awarded plaintiff a total abatement of rent for the fourth floor until the air-conditioning equipment formerly located on the roof was replaced without infringing upon the floor space of the fourth floor, and thereafter a partial abatement of rent equal to 15% of the monthly rent for the fourth floor for the remainder of the lease term enjoined defendants from terminating the lease for nonpayment of rent for the fourth floor until such air-conditioning equipment was replaced, and directed that judgment be entered in favor of plaintiff and against defendants in the sum of $19,500 with interest, is modified, on the law and on the facts, to vacate both abatements, the injunction, and the direction for entry of a money judgment, and otherwise affirmed, with costs to defendants-cross-appellants. Judgment of the same court, entered August 28, 1986 pursuant to aforesaid order, is modified, on the law and on the facts, to the extent of vacating the first decretal paragraph awarding judgment in favor of plaintiff and against defendants in the sum of $22,561.49, and otherwise affirmed, without costs.

Plaintiff is the tenant of the entire second, third and fourth floors, and a portion of the basement and lobby, in a block-long commercial building owned and managed by defendants. Under paragraph 49 of the parties' lease, the landlord could, upon six months' notice, construct an addition to the building, in which event "if there is any infringement of Tenant's rights, which facts Tenant in the exercise of its reasonable judgment shall solely determine, then no rent shall be payable for the time that such infringement of Tenant's rights shall continue". In May 1982, defendants began construction of a 26-story addition to the building rising above the preexisting four stories, which addition was completed in October 1984 and operated as a hotel. In constructing the addition, a rooftop water tower and penthouse containing air-conditioning equipment maintained for the use of the fourth-floor premises were demolished; two columns, each occupying about four square feet of floor space, were constructed on the fourth-floor premises; and half of a landing in a stairwell, a portion of which plaintiff wanted to convert to a computer room, was taken by defendants in installing elevator service to the addition.

Plaintiff brought the instant action in June 1982 for injunctive relief against various alleged infringements, including the three above-mentioned, and a declaration as to its right to a rent abatement. A prior motion for partial summary judgment

by plaintiff resulted in an order dismissing its claims for injunctive relief "with respect to the columns, signs, equipment on the roof, computer room and any other matters concerning or relating to the construction of the addition", and declaring that plaintiff could, without having to relocate, withhold rent if, in the exercise of its reasonable judgment, it determined that the construction of the addition caused an infringement. On appeal, we modified [100 AD2d 763] to the extent of declaring that, under the rent-abatement clause, plaintiff did not have to pay rent "during a period of construction".

Thereafter, the "period of construction" having ended, in defendants' view, with the issuance of a certificate of occupancy, defendants began demanding payment of rent from plaintiff. This prompted plaintiff to move for a "supplemental order" granting partial summary judgment enjoining defendants from asserting any claim for rent or from terminating the lease for so long as plaintiff declared an infringement. Plaintiff also sought restitution of all rent paid under protest for the months of November and December 1984 and thereafter. Special Term held that under paragraph 49, plaintiff's right to declare an infringement continued beyond the "period of construction", and found that an issue of fact existed "as to whether plaintiff's declaration that there existed continued infringements of its rights entitling it to withhold rent, was a reasonable one." Accordingly, it held the motion in abeyance pending an immediate trial to resolve this issue.

The issue was then tried to a court sitting without a jury. The court found that plaintiff was entitled to a 15% abatement of the $6,500 monthly rent for the fourth floor on account of the two columns; that plaintiff's claim of infringement of the fourth-floor stairwell landing was not viable because the stairway, or any stairway, was not part of the demised premises; and, that since the air-conditioning system was necessary to the enjoyment of the fourth-floor premises, it was reasonable for plaintiff to withhold the rent due for the entire fourth floor. Thus, the court permitted defendants to collect rent from February 1, 1985 for the basement, second and third floors with a total abatement of rent on the fourth floor continuing until defendants restored air conditioning to the fourth floor without infringing upon the floor space in the fourth floor. Thereafter, a 15% abatement was to continue for the fourth floor for the remainder of the lease term on account of the two columns.

At issue is whether it was reasonable for plaintiff to declare

an infringement, and, if so, whether plaintiff should be granted a total abatement, as it urges, or no abatement, as defendants urge, or a partial abatement, as the trial court held.

With respect to the two columns, we assume, in plaintiff's favor, that by virtue of its 1978 agreement with defendants to lease the fourth floor, set out in paragraph 5A of the third amendment to the lease, plaintiff had a right to six months' notice of defendants' intention to install the two columns, which defendants did not give, and that defendants' delivery of the fourth-floor space obstructed by the two columns was a breach of their agreement to deliver full and unrestricted possession. Nevertheless, this breach did not make plaintiff's declaration of a total rent abatement reasonable. The trial court, in justifying a 15% abatement, found that while the columns took up only eight square feet of more than 18,000 square feet of floor space on the fourth floor, they "to some extent affected the plaintiff's right under the lease to make installations and to remodel the premises, (the installation of 220 square feet of office space), in a manner necessary to the conduct of its business". Not mentioned by the trial court was the fact that the offending columns are part of a grid of 28 interior columns which also runs through the second and third floors, where plaintiff has incorporated them into partition walls. For unclear reasons, two columns from the grid were removed on the fourth floor, so that the offending columns are really not new at all, but a replacement of previously existing columns.

But, whatever the extent and nature of the obstruction caused by the two columns, the infringement, if such it is, was waived by plaintiff when it took possession of the floor. Under paragraph 20 of the lease, plaintiff's "taking possession of the demised premises * * * shall be conclusive evidence, as against Tenant, that Tenant accepts same 'as is' and that said premises * * * were in good and satisfactory condition at the time such possession was so taken." Thus, plaintiff was free to either reject the premises and sue for damages, or accept possession and waive the infringement. Whether plaintiff is entitled under paragraph 40 of the lease to remove the columns at its own expense in the exercise of its right to remodel the premises is a question that depends on whether plaintiff has complied with all provisions imposed by law, a question as to which the record is inadequate.

As to the computer room, plaintiff's claim that the fourth-floor stairwell landing area is part of the demised premises is

contrary to paragraph 13 of the lease, which permits the landlord to change the arrangement and/or location of stairs and other public parts of the building. Plaintiff's reliance upon paragraph 40 of the lease, wherein it is given the right to do remodeling "in, to, on or about the demised premises and building shafts", is unjustified. A lease of an entire floor in a multitenant building is not intended to include stairs, corridors, landings and other common areas (1 Friedman, Leases § 3.1, at 24 [2d ed 1983]). Nothing in the subject lease is to the contrary.

With respect to the air conditioning, plaintiff has refused to avail itself of the new water-cooled air-conditioning system constructed for the building's addition, which is currently being used to air condition the second and third floors of plaintiff's premises, and has chosen instead to install an air-cooled air-conditioning system, which occupies 360 square feet of space and cools only one fourth of the floor, requiring additional space to accommodate equipment to cool the remainder of the floor. Since defendants represent that they can hook up the entire fourth floor to their new air-conditioning system through installations in the ceiling, without taking up any floor space whatever, it was not reasonable for plaintiff to declare an infringement with respect to the air conditioning. Concur—Murphy, P. J., Sullivan, Asch, Rosenberger and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANNE BALLARD, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered on November 28, 1984, unanimously affirmed.