■ RICHARD MASTERSON et al., Respondents, v PAUL KNOX, III, Respondent, and DOMINIC BELMONTE, Appellant. [649 NYS2d 108] —Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 30, 1995 in Albany County, which, *inter alia*, denied defendant Dominic Belmonte's motion for summary judgment dismissing the complaint against him.

This action arises from a fall by plaintiff Richard Masterson (hereinafter plaintiff) that occurred in a parking lot of premises located in the City of Albany. Plaintiff had driven to the parking lot to keep an appointment with defendant Dominic Belmonte, a physician who was a tenant in the building on the premises where he maintained an office for the practice of his profession. Defendant Paul Knox, III was the owner of the premises where he also maintained an office for his insurance

business. Knox had a contract with an outside vendor to plow the parking lot and for sanding and salting at an additional expense. Knox also provided Belmonte and the other tenants with a shovel and a barrel of salt located at the side entrance of the building but, according to Belmonte, these items were never used.

After issue was joined in this action, Belmonte moved for summary judgment dismissing plaintiffs' complaint and any cross claims for legal insufficiency. Supreme Court denied the motion and Belmonte appeals from the order entered on the court's decision.

The order must be reversed. "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of such premises" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296, *lv dismissed, lv denied* 73 NY2d 783; *see, Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957). Plaintiff's injuries occurred when he slipped and fell on an allegedly dangerous condition caused by snow and ice in the common parking area of the premises. However, nothing has been submitted in opposition to Belmonte's motion for summary judgment to indicate that Belmonte created the dangerous condition, owned or retained any control over the parking lot, or had the authority to correct the condition. Belmonte, his employees and patients had a license to park in the lot, but the right to use the parking lot does not establish control or give rise to a duty to warn (*see, Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051, 1052). Without possession, or a right to maintain or control a common parking area, the tenant owes no duty of care with respect to any unsafe condition existing there (*see, Cusano v Staff*, 191 AD2d 918, 920). Nor is there any evidence to demonstrate Belmonte's special use of the parking lot (*see, Balsam v Delma Eng'g Corp., supra*, at 298).

Contrary to Supreme Court's finding of an issue of fact as to whether the parking lot was a part of the demised premises, we find no evidence that the permitted use of the parking area by Belmonte, his employees and patients was anything other than a license, which is insufficient to establish that the parking lot is part of the demised premises (*see, Koursiaris v Astoria N. Dev.*, 143 AD2d 639). Accordingly, Belmonte's motion for summary judgment dismissing the complaint should have been granted.

Belmonte's summary judgment motion also sought dismissal of the cross claims asserted against him in Knox's amended answer. Our conclusion that Belmonte breached no duty of care for any unsafe condition existing in the parking lot

requires dismissal of Knox's cross claim based upon allegations of Belmonte's culpable conduct. With regard to Knox's cross claim based upon the provision of the lease which required Belmonte to procure insurance naming Knox as an additional insured (*see, Kinney v Lisk Co.*, 76 NY2d 215, 219), we agree with Supreme Court's conclusion that the requirement applies only to the demised premises. Based upon our conclusion that the parking lot is, as a matter of law, not part of the demised premises, Knox's second cross claim must also be dismissed.

Mercure, J. P., White and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Dominic Belmonte's motion for summary judgment; said motion granted, summary judgment awarded to Belmonte, and complaint and cross claims against him dismissed; and, as so modified, affirmed.