■ EUGENE LIGHT et al., Plaintiffs, v ROBERT MARTIN CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. NEW YORK BLOOD CENTER, Third-Party Defendant-Respondent. [653 NYS2d 16] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered April 1, 1996, which, *inter alia*, granted third-party defendant New York Blood Center's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

The motion court properly concluded that even if defendants

and third-party plaintiffs' tenant, third-party defendant New York Blood Center, had procured an insurance policy naming them as an additional insured, as required by the lease, plaintiff's accident would not have been covered thereunder (*cf., Kinney v Lisk Co.*, 76 NY2d 215). It is not disputed that the accident occurred on the driveway leading from the loading dock of the building owned by defendants and third-party plaintiffs. This ground-level area cannot reasonably be construed as being "in, upon or adjacent" to the Blood Center's "demised premises", which specifically are described in the lease as the "upper level" of the building (*see, Wilfred Labs. v Fifty-Second St. Hotel Assocs.*, 133 AD2d 320, 324, *lv dismissed* 71 NY2d 994). While it is true that the Blood Center was obligated to keep the "loading dock areas" free of "refuse and debris", that site was expressly labeled as one of the "common" building areas whose overall maintenance was the owner's responsibility. Moreover, the accident did not arise out of "conduct and operation of Tenant's use or occupancy of the demised premises". Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.