■ Hillary Figueroa et al., Appellants, v Joseph Tso et al., Respondents, et al., Defendant. [674 NYS2d 868] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kane, J.), entered October 9, 1997 in Sullivan County, which granted defendant Fred Borzumato's motion for summary judgment dismissing the complaint and all cross claims against him.

As aptly observed by Supreme Court in its decision granting defendant Fred Borzumato's motion, the record furnishes no basis for concluding that Borzumato—the owner of a video store operated on premises leased from defendant Joseph Tso— owned, possessed, controlled or put to a special use the sidewalk where plaintiff Hillary Figueroa slipped and fell, such that Borzumato might be found liable for the injuries she suffered as a result (*see, e.g., Masterson v Knox*, 233 AD2d 549, 550). The relevant portions of Borzumato's lease unambiguously declare that Tso, as landlord, is to bear all responsibility for the maintenance and repair of outdoor areas, including the sidewalk bordering the premises and the allegedly defective or broken gutter that may have caused the ice buildup thereon; even Tso admits that these were his duties. The occasional snow shoveling performed by Borzumato's employees (along with those employed at another retail store, which occupied an adjoining portion of the same building) is not enough to establish that the owners of these establishments exercised control over the common areas in question (*see, Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 958; *McGill v Caldors, Inc.*, 135 AD2d 1041, 1043; *compare, Farrar v Teicholz*, 173 AD2d 674, 676).

Also unconvincing is plaintiffs' assertion that Borzumato can be held liable for the ice buildup because his workers, having undertaken to clear the walkway on occasion, assumed a duty to do so carefully. There is no evidence that the video store employees' shoveling activities caused or contributed to the icy condition in any way (*see, Jiuz v City of New York*, 244 AD2d 298).

As for plaintiffs' suggestion that Borzumato and Tso, by their course of conduct, may have effectively modified the lease terms, it is enough to note that this contention, not having been raised before Supreme Court, is not preserved for our consideration (*see, Todd v Krolick*, 96 AD2d 695, 696, *affd* 62 NY2d 836). In any event, it is meritless for the record evidence, even viewed in the light most favorable to plaintiffs, does not demonstrate that Tso and Borzumato intended to alter their lease agreement—which contained an express prohibition against oral modification—so as to shift liability for clearing the sidewalks to the tenant.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.