■ DOROTHY VANDER VEER, Respondent-Appellant, v JOAN K. HENDERSON, Doing Business as REGULAR'S LIQUOR CABINET, Respondent, FRANK POPOLIZIO et al., Appellants-Respondents, and ANDREW SHARP et al., Doing Business as MAR-JAC PAINTING AND CONTRACTING, Respondents-Appellants. [699 NYS2d 223] —Mikoll, J. P. Cross appeals from an order of the Supreme Court (Keniry, J.), entered April 9, 1999 in Saratoga County, which granted defendant Joan K. Henderson's cross motion for summary judgment dismissing the complaint and all cross claims against her and denied defendants Frank Popolizio's and Patrick Ragozzino's motion for summary judgment seeking common-law and contractual indemnification against Henderson.

On March 11, 1996, plaintiff slipped and fell in the parking lot of Point Plaza, a strip mall in the Town of Glenville, Schenectady County, owned by defendants Frank Popolizio and Patrick Ragozzino (hereinafter collectively referred to as the landlords). The landlords leased commercial and residential space in Point Plaza to various tenants including defendant Joan K. Henderson, who owned and operated a liquor store, Regular's Liquor Cabinet, therein. Plaintiff testified that upon parking in front of the liquor store at approximately 6:00 P.M., she found that a large snow bank near the front driver's side of her car made passage impractical, so that she was forced to walk around the rear of her car to approach the store. When she reached the area next to the front passenger door, she slipped on black ice and fell, fracturing her hip.

Plaintiff commenced this action alleging that the landlords,

Henderson and defendants Andrew Sharp and Arnold A. Brisco, Jr., doing business as MAR-JAC Painting and Contracting (hereinafter MAR-JAC), who performed snow plowing services in the parking lot, were negligent in, *inter alia*, maintenance of the parking lot. In their answer, the landlords asserted a cross claim against Henderson for common-law and contractual indemnification, contending that she had assumed responsibility for snow removal in the parking lot and, further, that she had breached a provision in her lease requiring her to name the landlords as additional insureds under her liability insurance policy. Following discovery, the landlords moved for summary judgment on their cross claim against Henderson, who in turn cross-moved for summary judgment dismissing the landlords' cross claim. Henderson also sought summary judgment dismissing the complaint on the ground that responsibility for maintenance of the parking lot rested exclusively with the landlords. Supreme Court granted Henderson's motions for summary judgment dismissing the complaint and the landlords' cross claims against her, finding that notwithstanding Henderson's role as intermediary in arranging for the snow plowing services with MAR-JAC, ultimate responsibility for any unsafe condition in the parking lot rested exclusively with the landlords. These cross appeals by plaintiff, the landlords and MAR-JAC ensued.

Contrary to the landlords' arguments on this appeal, Supreme Court properly denied their motion for summary judgment against Henderson and properly granted that portion of Henderson's cross motion as sought dismissal of their cross claims against her. Despite its use by Henderson and her customers, ownership and control of the parking lot remained with the landlords, who owed a duty of care with respect to any dangerous conditions therein (*see, Masterson v Knox*, 233 AD2d 549, 550; *see, Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051, 1052). Nor did the court err in dismissing the landlords' claims based on Henderson's conceded failure to list them as named insureds on her general liability policy. The lease required Henderson to obtain a minimum of $200,000 in liability insurance "on the building against injuries to the persons on the premises with the Landlords as the additional insured". Because plaintiff's accident occurred in the parking lot of Point Plaza, not upon the premises subject to this lease provision, Henderson's failure to comply with this provision does not obligate her to defend or indemnify the landlords (*see, Light v Martin Corp.*, 235 AD2d 363, *lv denied* 89 NY2d 815; *Masterson v Knox, supra*, at 550-551).

This being said, however, we nonetheless agree with the

landlords, plaintiff and MAR-JAC that Henderson's motion for summary judgment dismissing the complaint should not have been granted. While ordinarily a tenant in a building served by a common parking lot bears no responsibility for any unsafe condition existing therein, liability may be found where there is some indication that the tenant "created the dangerous condition, owned or retained any control over the parking lot, or had the authority to correct the condition" (*Masterson v Knox, supra,* at 550). We believe that evidence in the record creates an issue of fact as to whether Henderson's actions caused or contributed to the icy conditions precipitating plaintiff's fall.

Henderson testified that snow was routinely shoveled by her employees and piled up in mounds on either side of the store's entrance. She admitted that depending on temperature fluctuations, the snow would sometimes melt and run down into the parking lot, where it would freeze and create ice in the parking lot. She also acknowledged that the landlords, at her request, had repaved the sidewalk in front of her store to make a sloped walkway that would drain water away from the front of the door into the parking lot. Plaintiff claimed that on the day of her accident, the weather had earlier been sunny and warm, with temperatures above freezing, but that it had turned cold again by 6:00 P.M. She alleged that because she could not traverse the snow banks in front of the store, she walked around her car and there encountered black ice which had been formed by melting snow running from the mounds in front of Henderson's store. While occasional snow removal measures are insufficient to establish control over a common area (*see, Figueroa v Tso,* 251 AD2d 959), where there is a question whether such measures either created or increased a dangerous condition, summary judgment is inappropriate (*see, Suntken v 226 W. 75th St.,* 258 AD2d 314, 315; *Glick v City of New York,* 139 AD2d 402, 403).

Mercure, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that portion of defendant Joan K. Henderson's cross motion for summary judgment dismissing the complaint against her; motion denied to that extent; and, as so modified, affirmed.