■ ELAINE GIAMBOI, Appellant, v MANOR HOUSE OWNERS CORP., Respondent. [716 NYS2d 872] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Milano, J.), dated February 8, 2000, which granted the defendant's motion for summary judgment and dismissed the complaint, and (2), as limited by her brief, from so much of an order of the same court, dated March 3, 2000, as denied her motion to deem the defendant's motion for summary judgment abandoned and granted the defendant's cross motion to extend its time to settle the judgment.

· Ordered that the order and judgment is reversed, on the law, the defendant's motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff slipped and fell while crossing through a mound of snow between the street and the sidewalk in front of her apartment building. According to the deposition testimony of the defendant's employee, his usual practice in removing snow from the sidewalk around the premises was to push the snow toward the curb and to shovel several paths through the mounds of snow to the street. The defendant's motion papers, which included the employee's deposition testimony, failed to establish as a matter of law that its snow removal activities did not create a dangerous condition which caused the plaintiff's injuries (*see, Vander Veer v Henderson,* 267 AD2d 584; *Suntken v 226 W. 75th St.,* 258 AD2d 314; *Roca v Gerardi,* 243 AD2d 616; *Glick v City of New York,* 139 AD2d 402). Accordingly, the Supreme Court erred in granting summary judgment to the defendant.

In view of our determination, the plaintiff's appeal from stated portions of the order, which, *inter alia*, extended the defendant's time to submit the judgment for settlement, is dismissed as academic. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.