■ State of New York et al., Respondents, v Travelers Property Casualty Insurance Company, Defendant, and White-Bonn, Inc., Appellant. [720 NYS2d 589] —Peters, J. Appeal from that part of an order of the Supreme Court (Rose, J.), entered February 8, 2000 in Broome County, which granted plaintiffs' motion for summary judgment declaring that defendant White-Bonn, Inc. is conditionally obligated to defend and indemnify plaintiffs in a related action filed in the Court of Claims and denied said defendant's cross motion for summary judgment dismissing the complaint against it.

Plaintiff State of New York, through plaintiff Office of General Services (hereinafter collectively referred to as the State), commenced renovation of the State Office Building in the City of Binghamton, Broome County. As the general contractor on the project, it entered into a written agreement with defendant White-Bonn, Inc. to construct, *inter alia*, a cooling tower on the roof of the building. Pursuant to their agreement, White-Bonn was required to and did procure a liability policy naming the State as an insured. Such policy, ultimately obtained from defendant Travelers Property Casualty Insurance Company, also included an indemnification clause which obligated White-Bonn to defend and indemnify the State "from suits, actions, damages, and costs of every name and description relating to the performance of this [c]ontract during its prosecution and until the acceptance thereof." However, liability for damages caused by "negligence resulting solely from acts or omissions of the State, its officers or employees" was excepted.

On July 8, 1994, Joel Walter, an inspector of electrical installations employed by a consulting firm that had been retained by the State, was on the 19th floor of the building where White-Bonn's employees were working when he tripped and fell in the area of a roof hoist. As a result of his injuries, he and his spouse, derivatively, commenced a negligence action in

Supreme Court against White-Bonn and other contractors. They also filed a claim against the State in the Court of Claims alleging, *inter alia*, that Walter's injuries were due to the presence of cables connected to State-owned window-washing equipment that "were haphazardly tangled up, and partially buried in some places, under the debris on said platform around the open shaft" that was stored in such area by direction of the State.

In April 1999, the State commenced the instant action seeking a declaration that the subject insurance policy obligated White-Bonn and Travelers to provide a defense and full indemnification in the Court of Claims action. The State having moved for summary judgment, White-Bonn and Travelers cross-moved for the same relief. Although Supreme Court granted Travelers' cross motion,* it found that White-Bonn was conditionally obligated to defend and indemnify the State and that "its duty to indemnify will only terminate in the event that a court actually finds that the State was negligent." White-Bonn appeals.

White-Bonn concedes that it must show actual negligence on the part of the State before rendering the contractual indemnification clause void and unenforceable pursuant to General Obligations Law § 5-322.1 (1). However, it challenges the finding that it must show actual negligence by the State to avoid the imposition of a conditional judgment of contractual indemnification. Even with the limited discovery conducted to date, White-Bonn contends that it has raised triable issues of fact demonstrating negligence by the State which should have precluded not only the award of summary judgment but also the conditional judgment of contractual indemnification.

It is well settled that a motion for summary judgment must be denied if, upon tender of proof in admissible form (*see, Zuckerman v City of New York*, 49 NY2d 557; 562), there can be found to exist a triable issue of fact (*see, id.*). While "a court may render a conditional judgment on the issue of indemnity[ ] pending determination of the primary action[ ] in order that the indemnitee [may] obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (*O'Brien v Key Bank*, 223 AD2d 830, 831; *see, Hawkins Home Groups v Southern Energy Homes*, 276 AD2d 866, 868; *Savigny v Marrano/Marc Equity Corp.*, 221 AD2d 942), where issues of fact exist concerning the indemnitee's active negligence, even a conditional judgment has been found

---

* The cross motion was granted due to the State's failure to timely notify Travelers of Walter's accident.

premature (*see, Vestal v Yonkers Contr. Co.*, 268 AD2d 872; *State of New York v Syracuse Rigging Co.*, 249 AD2d 758; *O'Brien v Key Bank, supra*).

Here, the State failed to proffer any evidence that, if found negligent, it may only be found to be vicariously liable, while White-Bonn has proffered proof, through Walter's deposition testimony, that he directly reported to the State and that the instrumentalities upon which he allegedly tripped were the property of the State, directed by it to be housed in that area. Upon this evidence, we find that the conditional award of indemnification was premature.

Turning to the duty to defend, we can easily allay White-Bonn's concern by noting that due to its obvious conflict of interest with the State, its obligation to provide a defense will amount to the payment of a reasonable fee to an attorney of the State's choosing (*see, Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401; *Allstate Ins. Co. v Noorhassan*, 158 AD2d 638, 641).

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment declaring that defendant White-Bonn, Inc. is conditionally obligated to indemnify plaintiffs in a related action filed in the Court of Claims; motion denied to that extent; and, as so modified, affirmed.