■ MERCEDES GIL, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY et al., Defendants and Third-Party Plaintiffs-Appellant. McGUIRE SERVICE CORP., Third-Party Defendant-Respondent. [832 NYS2d 455]—In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (David Schmidt, J.), dated June 9, 2005, as denied those branches of its motion which were for summary judgment dismissing the complaint and for summary judgment on its third-party cause of action for contractual indemnification.

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (David Schmidt, J.), dated December 23, 2005, as, upon reargument, adhered to a prior determination in an order dated June 9, 2005, denying those branches of its motion which were for summary judgment dismissing the complaint and for summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action after allegedly falling on snow and ice in the parking lot of a bank branch of the defendants third-party plaintiffs (hereinafter collectively the bank). The bank asserted a third-party cause of action for contractual indemnification against McGuire Service Corp. (hereinafter McGuire), its snow removal contractor.

Contrary to the bank's contention, the court properly denied that branch of its motion which was for summary judgment dismissing the complaint. In slip-and-fall cases involving snow and ice, a property owner is not liable unless he or she created the defect, or had actual or constructive notice of its existence (see Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444 [2002]; Voss v D&C Parking, 299 AD2d 346 [2002]). Here, the bank failed to establish as a matter of law that its snow removal procedures for its branch parking lots did not create the condition which caused the plaintiff's injuries (see Petrocelli v Marrelli Dev. Corp., 31 AD3d 623, 624 [2006]; Giamboi v Manor House Owners Corp., 277 AD2d 201, 202 [2000]). In support of its motion, the bank submitted deposition testimony of a McGuire representative who indicated that the bank had instructed McGuire to plow snow into rear parking spaces in the branch lots and the deposition testimony of the plaintiff, whose description of the location of the snow on which she fell was consistent with where McGuire was instructed to plow. Accordingly, the bank failed to establish its prima facie entitlement to summary judgment dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Additionally, the court properly denied that branch of the bank's motion which was for summary judgment on its third-

party cause of action for contractual indemnification. Because the bank failed to establish as a matter of law that it was free from any negligence with regard to the plaintiff's accident, summary judgment on its third-party cause of action for contractual indemnification is premature (*see Watters v R.D. Branch Assoc., LP,* 30 AD3d 408, 409-410 [2006]; *State of New York v Travelers Prop. Cas. Ins. Co.,* 280 AD2d 756, 757 [2001]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.