■ MICHELLE BELLEFLEUR, Plaintiff, v NEWARK BETH ISRAEL MEDICAL CENTER et al., Defendants and Third-Party Plaintiffs-Respondents. SODEXHO HEALTH CARE SERVICES, Third-Party Defendant-Appellant. [888 NYS2d 81]—

In an action to recover damages for personal injuries, and a third-party action for, inter alia, indemnification and defense, the third-party defendant Sodexho Health Care Services appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated April 2, 2008, as granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment obligating it to defend them in the main action, and conditionally granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on their third-party causes of action for common-law and contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants third-party plaintiffs which were for summary judgment obligating the appellant to defend them in the main action, and for summary judgment on their third-party causes of action for common-law and contractual indemnification, are denied.

The plaintiff allegedly was injured when she slipped and fell on a wet floor in the defendant Newark Beth Israel Medical Center (hereinafter Beth Israel). The plaintiff commenced this action to recover damages for negligence against Beth Israel

and the defendant Saint Barnabas Health Care Systems (hereinafter SBHCS) in which she alleged, inter alia, that they created the dangerous condition. Sodexho Health Care Services (hereinafter SHCS) contracted with Beth Israel to provide housekeeping services for Beth Israel. Beth Israel and SBHCS (hereinafter together the third-party plaintiffs) filed a third-party complaint against SHCS for, inter alia, common-law and contractual indemnification and to defend them in the main action.

The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party (*see Curreri v Heritage Prop. Inv. Trust, Inc.,* 48 AD3d 505, 507 [2008]). "If, in fact, an injury can be attributed solely to the negligent performance or nonperformance of an act solely within the province of the contractor, then the contractor may be held liable for indemnification to an owner" (*id.* at 507). To establish their claim for common-law indemnification, the third-party plaintiffs "were required to prove not only that they were not negligent, but also that the proposed indemnitor [SHCS] was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury" (*Benedetto v Carrera Realty Corp.,* 32 AD3d 874, 875 [2006]). Here, the third-party plaintiffs were not entitled to conditional summary judgment on their claim for common-law indemnification against SHCS because they failed to establish, prima facie, that they were not negligent (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

Further, "[t]he right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.,* 61 AD3d 925, 930 [2009]; *see Canela v TLH 140 Perry St., LLC,* 47 AD3d 743, 744 [2008]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*George v Marshalls of MA, Inc.,* 61 AD3d at 930; *see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491-492 [1989]). "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.,* 58 AD3d 660, 662 [2009]). In contrast, where a question of fact exists regarding the owner's negligence, a conditional order of summary judgment for contractual indemnification must be denied as premature (*see State of New York v Travelers*

*Prop. Cas. Ins. Co.,* 280 AD2d 756, 757-758 [2001]). Here, the Supreme Court should not have conditionally granted that branch of the third-party plaintiffs' motion for summary judgment on their cause of action for contractual indemnification, as there are triable issues of fact as to whose negligence, if any, caused the plaintiff's accident. Under such circumstances, it was premature to award the third-party plaintiffs summary judgment on that cause of action (*see generally George v Marshalls of MA, Inc.,* 61 AD3d at 930).

Since SHCS is not an insurer, its duty to defend is no broader than its duty to indemnify (*see George v Marshalls of MA, Inc.,* 61 AD3d at 930; *Bryde v CVS Pharmacy,* 61 AD3d 907 [2009]; *Brasch v Yonkers Constr. Co.,* 306 AD2d 508, 511 [2003]). Since the third-party plaintiffs are not entitled to indemnification at this juncture, they also are not entitled to a defense. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.