# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1000

CA 11-00429

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, AND GORSKI, JJ.

---

PATRICK CROUGH, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BJ'S WHOLESALE CLUB, INC.,
DEFENDANT-APPELLANT.

---

MACKENZIE HUGHES LLP, SYRACUSE (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANT-APPELLANT.

FITZSIMMONS, NUNN, FITZSIMMONS & PLUKAS, LLP, ROCHESTER (JASON E.
ABBOTT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered November 4, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for an injury he sustained to his nose while attempting to load a heavy box of merchandise into a pickup truck with the assistance of defendant's employee. Supreme Court denied defendant's motion seeking summary judgment dismissing the complaint. That was error.

It is axiomatic that "a duty of reasonable care owed by a[n alleged] tortfeasor to an injured party is elemental to any recovery in negligence" (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584), and that "a duty may arise from negligent words or acts that induce reliance" (*Heard v City of New York*, 82 NY2d 66, 71, *rearg denied* 82 NY2d 889; *see Kievman v Philip*, 84 AD3d 1031, 1032). Here, however, defendant established in support of its motion that the voluntary action of its employee in agreeing to assist plaintiff did not create a duty to plaintiff. Although plaintiff relied upon the assistance of defendant's employee to load the box of merchandise, "the question is whether [the voluntary] conduct [of defendant's employee] placed plaintiff in a more vulnerable position than [he] would have been had defendant['s employee] done nothing" (*Heard*, 82 NY2d at 72). That is not the case here. It is undisputed that, although plaintiff was accompanied by his wife and adult daughter, he asked defendant's employee to help him load the box, and the employee agreed to do so. We therefore conclude that defendant established its

entitlement to judgment as a matter of law inasmuch as the actions of defendant's employee "neither enhanced the risk [plaintiff] faced [in loading the box], created a new risk nor induced [plaintiff] to forego some opportunity to avoid risk" (*id.* at 73; *see Malpeli v Yenna*, 81 AD3d 607, 608-609; *Van Hove v Baker Commodities*, 288 AD2d 927).  We further conclude that plaintiff failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court