# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1212**
**CA 11-00499**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, GREEN, AND GORSKI, JJ.

---

DANA MESLER AND CYNTHIA MESLER,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

              V                            MEMORANDUM AND ORDER

PODD LLC, DEVELOPERS DIVERSIFIED REALTY
CORPORATION, BG BCF, LLC, ET AL., DEFENDANTS,
JJK MANAGEMENT, INC., WEIGHT WATCHERS
INTERNATIONAL, INC., AND WEIGHT WATCHERS
NORTH AMERICA, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS.
------------------------------------------------
DEVELOPERS DIVERSIFIED REALTY CORPORATION AND
BG BCF, LLC, THIRD-PARTY PLAINTIFFS,

              V

JJK MANAGEMENT, INC., THIRD-PARTY DEFENDANT.
(APPEAL NO. 1.)

---

LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT JJK MANAGEMENT, INC.

FELDMAN KIEFFER, LLP, BUFFALO (STEPHEN M. SORRELS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS WEIGHT WATCHERS INTERNATIONAL, INC.,
AND WEIGHT WATCHERS NORTH AMERICA, INC.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

    Appeals and cross appeal from an order of the Supreme Court, Erie
County (Frank A. Sedita, Jr., J.), entered May 26, 2010 in a personal
injury action. The order, inter alia, denied the motion of defendants
Weight Watchers International, Inc. and Weight Watchers North America,
Inc. for summary judgment and denied the cross motion of plaintiffs
for partial summary judgment.

    It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion of defendants
Weight Watchers International, Inc. and Weight Watchers North America,
Inc. for summary judgment and dismissing the amended complaint against
them and as modified the order is affirmed without costs.

    Memorandum: Plaintiffs commenced this action seeking damages for

injuries allegedly sustained by Dana Mesler (plaintiff) when he slipped and fell on an icy sidewalk in front of a Weight Watchers location in a shopping center owned by defendant-third-party plaintiff BG BCF, LLC and managed by defendant-third-party plaintiff Developers Diversified Realty Corporation (collectively, DDRC defendants). We first address appeal No. 2, wherein the DDRC defendants moved for a conditional order of indemnification against defendant-third-party defendant, JJK Management, Inc. (JJK), and sought additional relief in the alternative. Also in appeal No. 2, JJK cross-moved for summary judgment dismissing the amended complaint in the main action against it. We agree with JJK that the court erred in granting that part of the DDRC defendants' motion for a conditional order of indemnification and in denying JJK's cross motion. We note at the outset that JJK's notice of appeal recites that it is from the order in appeal No. 2 insofar as it denied JJK's cross motion, but it does not reference the order insofar as it granted in part the motion of the DDRC defendants. We note, however, that the brief of the DDRC defendants on appeal addresses their motion despite the omission of a reference to it in JJK's notice of appeal. Thus, "there is no indication on this record that [the DDRC defendants are] prejudiced by that omission, [and] we exercise our discretion to reach beyond the scope of [the] notice of . . . appeal and address the merits of [this] issue[]" (*Camperlino v Town of Manlius Mun. Corp.*, 78 AD3d 1674, 1675, *lv dismissed* 17 NY3d 734 [internal quotation marks omitted]).

The Service/Materials Agreement (agreement), whereby defendant-third-party plaintiff Developers Diversified Realty Corporation, on behalf of defendant-third-party plaintiff BG BCF, LLC, contracted with JJK for snow removal and salting services, requires that JJK indemnify the DDRC defendants for liabilities and costs that are "caused in whole or in part by the negligent or intentional act or omission" of JJK employees. Thus, "the contract for snow removal services required [JJK] to indemnify [the DDRC defendants] only in the event that [JJK] was negligent in the performance of the contract and, contrary to [the DDRC defendants'] contention, there are triable issues of fact with respect thereto" (*Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188). The DDRC defendants were also required to establish that they were free from negligence (*see generally* General Obligations Law § 5-322.1; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808), and they failed to establish as a matter of law that they did not "cause[ or] allow[ ] a dangerous condition to exist," as alleged in the amended complaint. The conditional order of indemnification therefore is premature for that reason as well (*see Bellefleur*, 66 AD3d at 808-809). Because the court did not reach the alternative argument in the DDRC defendants' motion that they are entitled to damages based on JJK's failure to procure liability insurance required by the agreement, we remit the matter to Supreme Court to decide that part of the motion.

With respect to JJK's cross motion for summary judgment dismissing the amended complaint in the main action against it, we note the general rule that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138). An

exception to that general rule as alleged in the amended complaint and plaintiffs' bills of particulars is "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (*id.* at 140; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213-214).  Here, even assuming, arguendo, that JJK was negligent in failing to salt the sidewalk, we conclude that such negligence would "amount[] to a finding that [JJK] may have merely failed to become 'an instrument for good,' which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party" (*Bauerlein v Salvation Army*, 74 AD3d 851, 856; *see Church v Callanan Indus.*, 99 NY2d 104, 111-112).

In appeal No. 1, Weight Watchers International, Inc. and Weight Watchers North America, Inc. (collectively, Weight Watchers defendants) appeal and plaintiffs cross-appeal from an order denying the Weight Watchers defendants' motion for summary judgment dismissing the amended complaint against them and denying plaintiffs' cross motion for partial summary judgment on the issue of notice of a hazardous condition or the affirmative creation of that condition.  We agree with the Weight Watchers defendants that the court erred in denying their motion.  Although a 1992 lease agreement imposed on the Weight Watchers defendants a duty "to cause the sidewalks adjacent to [the leased p]remises to be kept free of snow, ice, rubbish and merchandise," that provision was modified in writing prior to plaintiff's fall by "deleting the words 'snow' and 'ice' " (*cf. Figueroa v Tso*, 251 AD2d 959; *see generally Gauthier v Super Hair*, 306 AD2d 850, 851).  We reject plaintiffs' contention that the occasional snow removal measures taken by employees of the Weight Watchers defendants are sufficient to establish control over the sidewalk (*see Figueroa*, 251 AD2d 959).  In light of our conclusions in appeal Nos. 1 and 2 that the Weight Watchers defendants and JJK are entitled to summary judgment dismissing the amended complaint against them, we see no need to address the remaining contentions in appeal No. 1.

Finally, with respect to the cross appeal, we conclude that the court properly denied plaintiffs' cross motion for partial summary judgment.  Contrary to plaintiffs' contention, the legal argument made by counsel for the DDRC defendants, i.e., that "the [deposition] testimony supports the conclusion, as a matter of law, that the subject walkway was not salted on the day of the accident," is not a statement of fact "made with sufficient formality [or] conclusiveness" to constitute a judicial admission (*State of New York ex rel. H. v P.*, 90 AD2d 434, 439 n 4; *cf. Catanese v Lipschitz*, 44 AD2d 579).  Further, although the deposition testimony of a regional property manager for defendant-third-party plaintiff Developers Diversified Realty Corporation supports the conclusion that the corporation was aware that precipitation would run off the curved roof of the shopping plaza and collect in the grooves on the handicap ramp in the sidewalk where plaintiff fell, plaintiffs failed to establish as a matter of law that the ice on which plaintiff fell was in fact caused by that runoff (*see generally Carpenter v J. Giardino, LLC*, 81 AD3d 1231,

1233-1234, *lv denied* 17 NY3d 710).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court