■ ROGER BAILLARGEON et al., Respondents, v KINGS COUNTY WATERPROOFING CORP., Respondent-Appellant, and GORDON H. SMITH CORPORATION, Appellant-Respondent, et al., Defendants. [936 NYS2d 298]—

The injured plaintiff allegedly slipped and fell on a wet floor while installing a carpet at the Jacob Javits Convention Center (hereinafter the Javits Center). The injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries, alleging that, prior to the accident, the defendants had been hired by the Javits Center to repair a recurrent leaking condition of the glass roof, and that the accident occurred as a result of their negligence in repairing the roof in the area where the injured plaintiff fell.

The defendant Gordon H. Smith Corporation (hereinafter GHSC) was an engineering consultant hired by the New York Convention Center Operating Corporation (hereinafter the CCOC) to investigate the leakage problem at the Javits Center and to formulate a plan to remedy it. CCOC separately hired the defendant Kings County Waterproofing Corp. (hereinafter Kings County Waterproofing) to perform the remedial work proposed by GHSC in two specific areas of the roof. After joinder of issue and the completion of discovery, GHSC moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and on its second cross claim against Kings County Waterproofing for contractual indemnification and to recover damages for breach of contract for failure to procure insurance naming GHSC as an additional insured. Kings County Waterproofing cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion and the cross motion.

GHSC and Kings County Waterproofing (hereinafter together the defendants) failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against each of them, as triable issues of fact exist as to whether a dangerous condition existed on the floor which caused the injured plaintiff to slip and fall and, if so, whether the dangerous condition was created or exacerbated by their allegedly negligent repair of the leaking roof

(*see Haracz v Cee Jay, Inc.*, 74 AD3d 1145 [2010]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573 [2004]). The defendants' failure to make a prima facie showing of entitlement to judgment as a matter of law required denial of Kings County Waterproofing's cross motion and those branches of GHSC's motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

GHSC also failed to establish its prima facie entitlement to judgment as a matter of law on so much of its second cross claim against Kings County Waterproofing as sought contractual indemnification. "[A] party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987], quoting *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153 [1973]). "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]). Where a triable issue of fact exists regarding the indemnitee's negligence, summary judgment on a claim for contractual indemnification must be denied as premature (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d at 808; *State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]).

Here, the Request for Proposals (hereinafter the RFP) upon which GHSC relied provided that Kings County Waterproofing "shall indemnify and save harmless [the CCOC] and [GHSC] from the claims, suits, actions, damages and costs of every name and description resulting from the negligent performance of the services of the Contractor under the contract." However, Kings County Waterproofing's contract with the CCOC did not name GHSC as an indemnitee in the indemnification clause contained therein and did not expressly incorporate the terms of the RFP. Thus, GHSC failed to meet its prima facie burden of establishing that Kings County Waterproofing had any contractual obligation to indemnify it. Moreover, since there are triable issues of fact as to whose negligence, if any, caused the injured plaintiff's accident, summary judgment on so much of GHSC's second cross claim against Kings County Waterproofing as sought contractual indemnification was not warranted (*see*

*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d at 808; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d at 662).

However, that branch of GHSC's motion which was for summary judgment on so much of its second cross claim against Kings County Waterproofing as sought to recover damages for breach of contract for failure to procure insurance naming it as an additional insured should have been granted. The contract between Kings County Waterproofing and the CCOC clearly required Kings County Waterproofing to name GHSC as an additional insured on its liability policy. In opposition to GHSC's prima facie showing of entitlement to judgment as a matter of law, Kings County Waterproofing failed to present any evidence to establish its compliance with that obligation. Accordingly, GHSC was entitled to summary judgment on so much of its second cross claim against Kings County Waterproofing as sought to recover damages for breach of contract for failure to procure insurance naming it as an additional insured (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *Boxer v Metropolitan Transp. Auth.*, 52 AD3d 447 [2008]; *Taylor v Doral Inn*, 293 AD2d 524 [2002]). Eng, J.P., Belen, Hall and Lott, JJ., concur.