■ Carla Hamelin, Appellant, v Town of Chateaugay, Defendant, and Rick McDonald et al., Respondents. [955 NYS2d 669]—

Stein, J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 21, 2011 in Franklin County, which granted a motion by defendants Rick McDonald and Community Bowling Center of Chateaugay, Inc. for summary judgment dismissing, among other things, the complaint against them.

One early morning in May 2008, plaintiff tripped and fell while descending the steps located at the side entrance to the Town of Chateaugay Municipal Office Building located in the Town of Chateaugay, Franklin County, as she was leaving a privately owned bowling alley and bar located within that building. The portion of the building within which the bowling alley was located was leased from defendant Town of Chateaugay by defendant Community Bowling Center of Chateaugay, Inc. and its owner, defendant Rick McDonald. The only access to the bowling alley is through the side entrance, where there is a set of steps leading to two doors, the left one of which leads to the bowling alley and the right one to various Town offices, among other things. It is undisputed that, at the time of plaintiff's fall, the side entrance steps were in a deteriorating and dangerous condition. Plaintiff commenced this action against defendants, seeking damages for the injuries she allegedly sustained when she fell. Community Bowling Center and McDonald (hereinafter collectively referred to as defendants) subsequently moved for, among other things, summary judgment dismissing the complaint against them. Supreme Court granted defendants' motion and this appeal by plaintiff ensued.

We affirm. In order to meet their burden of demonstrating their entitlement to judgment dismissing the complaint, defendants were required to demonstrate the absence of ownership, occupancy, control or special use with regard to the side entrance steps and that they neither created nor had authority to remedy the dangerous condition thereof, thus eliminating any duty of

care to plaintiff (*see Semzock v State of New York*, 97 AD3d 1012, 1012 [2012]; *Silverberg v Palmerino*, 61 AD3d 1032, 1034 [2009]; *Kozak v Broadway Joe's*, 296 AD2d 683, 684 [2002]; *Vander Veer v Henderson*, 267 AD2d 584, 586 [1999]). The existence of a duty is a question of law which is properly addressed by the court (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]; *Gadani v Dormitory Auth. of State of N.Y.*, 64 AD3d 1098, 1102 [2009]).

In support of their motion, defendants submitted, among other things, photographs of the steps, a copy of the lease between McDonald and the Town and the deposition testimony of, among others, McDonald and the Town Supervisor. That evidence demonstrated that the leased premises were limited to the basement floor of the building and that defendants were prohibited from making any changes to such premises without the Town's written consent. Additionally, the steps in question—which have undisputedly been deteriorating over a period of time—are used by several tenants and the general public. They, therefore, constitute a common area that the landlord is generally responsible for maintaining (*see generally Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 178-179 [2002]). Indeed, the deposition testimony established that the Town did not ask defendants to maintain or repair the steps. The evidence further demonstrated that defendants did not create the dangerous condition of the steps or have the authority to remedy such condition. Based upon this evidence, defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law and shifted the burden to plaintiff to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *U.W. Marx, Inc. v Koko Contr., Inc.*, 97 AD3d 893, 894 [2012]).

We agree with Supreme Court's determination that, even viewing the evidence in the light most favorable to plaintiff, she failed to meet this burden. In particular, the fact that defendants cleared snow from the side entrance steps when necessary is not sufficient to establish their control over the steps (*see Vander Veer v Henderson*, 267 AD2d at 586; *Golds v Del Aguila*, 259 AD2d 942 [1999]; *Figueroa v Tso*, 251 AD2d 959 [1998]).*

---

* Inasmuch as plaintiff did not argue, either in Supreme Court or in her appellate brief, that defendants had a duty to warn their patrons of the condition of the steps, such argument is deemed abandoned (*see Womack v Wilhelm*, 96 AD3d 1308, 1309 n 1 [2012]; *Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 845 n 2 [2011], *lvs dismissed* 16 NY3d 890 [2011], 18 NY3d 911 [2012]). Moreover, under the circumstances here, even if such argument had been properly raised, we would find it to be without merit.

Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

To the extent not specifically addressed herein, plaintiff's remaining contentions have been considered and found to be without merit.

Peters, P.J., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

