# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**389**
**CA 16-00977**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

MARIA S. DALMAU, PLAINTIFF,

V                                           MEMORANDUM AND ORDER

VERTIS, INC., CATCH THE WIND LLC, LIGHT
BULB LLC, ON THE RIVER LLC, 1230 UNIVERSITY
AVENUE LLC, DEFENDANTS-APPELLANTS,
PRICE RITE, ALSO KNOWN AS SHOP RITE, ALSO KNOWN
AS WAKEFERN FOOD CORPORATION, DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (LISA DIAZ-ORDAZ OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (ASHLEY M. EMERY OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered March 3, 2016. The order, inter alia, granted the motion of defendant Price Rite, also known as Shop Rite, also known as Wakefern Food Corporation for summary judgment dismissing the cross claims of defendants Vertis, Inc., Catch the Wind LLC, Light Bulb LLC, On the River LLC, and 1230 University Avenue LLC.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action against Vertis, Inc., Catch the Wind LLC, Light Bulb LLC, On the River LLC, and 1230 University Avenue LLC (owner defendants), and defendants Commercial Property Maintenance Services, Inc. (CPMS) and Price Rite, also known as Shop Rite, also known as Wakefern Food Corporation (Price Rite), for injuries allegedly sustained when she slipped and fell in a parking lot in front of a Price Rite store. Price Rite thereafter moved for summary judgment seeking dismissal of plaintiff's amended complaint and dismissal of the owner defendants' and CPMS's cross claims against it, arguing that it did not own or possess the lot at the time of the accident and that it was simply a lessee with a right to use the lot for purposes of customer and employee parking. Supreme Court granted Price Rite's motion, and the owner defendants appeal. We affirm.

The owner defendants do not dispute that Price Rite had no duty of care toward plaintiff pursuant to its lease but instead argue that

Price Rite assumed a duty to inspect the parking lot for snow and ice conditions.  We reject that contention.  Any personal decision of the assistant manager to monitor the lot and contact the responsible entity to remove any snow or ice as a courtesy to customers did not amount to an assumption of control over the parking lot giving rise to a duty of care on the part of Price Rite (*see Hamelin v Town of Chateaugay*, 100 AD3d 1330, 1331; *Mesler v Podd LLC*, 89 AD3d 1533, 1536; *Figueroa v Tso*, 251 AD2d 959, 959).  Furthermore, "[i]n order for a party to be negligent in the performance of an assumed duty . . . the plaintiff must have known of and detrimentally relied upon the defendant's performance, or the defendant's actions must have increased the risk of harm to the plaintiff" (*Arroyo v We Transp., Inc.*, 118 AD3d 648, 649; *see Crough v BJ's Wholesale Club, Inc.*, 87 AD3d 1372, 1373; *Falu v 233 Assoc.*, 258 AD2d 342, 342-343; *Figueroa*, 251 AD2d at 959).  Here, "there is not a hint of any reliance by plaintiff on [Price Rite's] 'assumed duty' " to call CPMS for additional plowing and/or salting (*Falu*, 258 AD2d at 343).  In addition, the record does not establish that Price Rite's actions " 'enhanced the risk [plaintiff] faced . . . , created a new risk []or induced [plaintiff] to forgo some opportunity to avoid risk' " (*Crough*, 87 AD3d at 1373; *see Carpenter v Penn Traffic Co.*, 296 AD2d 842, 843).

Entered:  March 31, 2017                          Frances E. Cafarell
                                                  Clerk of the Court