Rosenthal v Syracuse Univ. (2023 NY Slip Op 04266)

Rosenthal v Syracuse Univ.

2023 NY Slip Op 04266

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

418 CA 22-00364

[*1]MATTHEW ROSENTHAL, PLAINTIFF-APPELLANT,
v
SYRACUSE UNIVERSITY, SYRACUSE UNIVERSITY DEPARTMENT OF PUBLIC SAFETY, DETECTIVE "JOHN" HILL, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

SEGAL LAW FIRM, P.C., NEW YORK CITY (JASON A. RICHMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BARCLAY DAMON LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered February 9, 2022. The order granted the motion of defendants Syracuse University, Syracuse University Department of Public Safety, and Detective "John" Hill, for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained from an alleged assault that occurred on Marshall Street in the City of Syracuse. Supreme Court granted the motion of Syracuse University (SU), Syracuse University Department of Public Safety (DPS), and James Hill, incorrectly sued as Detective "John" Hill (collectively, defendants) for summary judgment dismissing the complaint. Plaintiff appeals.
Contrary to plaintiff's contention, defendants established that they did not voluntarily assume a duty to plaintiff by patrolling that section of Marshall Street where the assault occurred (see generally Fitzsimons v Brennan, 169 AD3d 873, 875 [2d Dept 2019]). "In order for a party to be negligent in the performance of an assumed duty,
. . . the plaintiff must have known of and detrimentally relied upon the defendant's performance, or the defendant's actions must have increased the risk of harm to the plaintiff" (Arroyo v We Transp., Inc., 118 AD3d 648, 649 [2d Dept 2014]; see Gauthier v Super Hair, 306 AD2d 850, 851 [4th Dept 2003]). Here, defendants submitted evidence that the incident occurred one week before SU classes officially started and that, at that time, DPS had not begun working special weekend details on Marshall Street. Defendants therefore established that they did not voluntarily assume a duty to plaintiff (see Fitzsimons, 169 AD3d at 875). In opposition to the motion, plaintiff failed to raise an issue of fact that he relied on DPS patrols of Marshall Street to his detriment, or that the actions of defendants increased the risk of harm to plaintiff (see generally Dalmau v Vertis, Inc., 148 AD3d 1799, 1800 [4th Dept 2017]).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court