■ ROMAN PLOSZAJ, Appellant, v COOPER TANK AND WELDING CORP. et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. RAR TRUCKING CORP., Third-Party Defendant-Respondent. [624 NYS2d 615] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated June 9, 1993, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, a laborer for the third-party defendant RAR Trucking Corp., was injured while cleaning a "spoon blade" and he subsequently collected Workers' Compensation. The plaintiff commenced this action against Cooper Tank and Welding Corp. and Cooper Tank Credit Corp. (hereinafter collectively Cooper Tank) alleging that they were liable to him as the alter egos of his employer. In support of his contention, the plaintiff has produced evidence that RAR Trucking Corp. referred to itself as a subsidiary of Cooper Tank and Welding Corp. in a letter to the State Insurance Fund.

Even if the plaintiff's allegations are correct that both Cooper Tank and Welding Corp. and Cooper Credit Corp. are the alter egos of RAR Trucking Corp., he has not established a basis for recovery. Generally, a parent corporation may be deemed to be the employer of an employee of a subsidiary corporation for Workers' Compensation purposes if the subsidiary functions merely as the alter ego of the parent (see, *Shine v Duncan Petroleum Transp.,* 60 NY2d 22; *Pappas v Greek Archdiocese,* 178 AD2d 104; *Carusone v Three Ctrs. [OLROHO] Assocs.,* 124 AD2d 317; *Daisernia v Co-Operative G.L.F. Holding Corp.,* 26 AD2d 594). Therefore, recovery under the Workers' Compensation Law is the exclusive remedy for an employee injured during the course of such employment (see, Workers' Compensation Law § 11; *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152).

In light of the plaintiff's failure to establish any other basis for recovery against the defendants Cooper Tank and Welding Corp. and Cooper Tank Credit Corp., the court properly granted summary judgment dismissing the complaint. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.