■ LORRAINE KRAMPS, Respondent, v SYLVIA GOLDBETTER et al., Defendants, and TENNIS PLANNING CORPORATION, Appellant. [739 NYS2d 440] —In an action, inter alia, to recover damages for wrongful death, the defendant Tennis Planning Corporation appeals from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated June 27, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed.

The plaintiff's decedent fell from a roof and sustained fatal injuries while employed on a construction project. His estate received workers' compensation benefits from his employer, Stewart Senter, Inc. (hereinafter SSI), in connection with the accident. The appellant was the general contractor on the project.

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the appellant established, prima facie, that it functioned merely as the alter ego of SSI, its parent corporation, which employed the decedent, and from which the decedent's estate accepted workers' compensation benefits (*see Ramnarine v Memorial Ctr. for Cancer & Allied Diseases,* 281 AD2d 218, 219). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the motion should have been granted on the ground that the complaint insofar as asserted against the appellant was barred by the exclusive remedy provisions of the Workers' Compensation Law (*see Kramer v NAB Constr. Corp.,* 282 AD2d 714, 715; *Ploszaj v Cooper Tank & Welding Corp.,* 213 AD2d 385, 386).

In light of our determination, we need not address the parties' remaining contentions. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.