■ ROBERT TAYLOR, Plaintiff, v DORAL INN et al., Defendants and Third-Party Plaintiffs-Respondents. OMC, INC., Third-Party Defendant-Appellant; REACT INDUSTRIES, INC., et al., Third-Party Defendants-Respondents. [772 NYS2d 830]—

In an action to recover damages for personal injuries, the

third-party defendant OMC, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 6, 2002, which denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured while performing work at a construction site for his employer, the appellant OMC, Inc. (hereinafter OMC). OMC moved for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it based on the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law § 10; *Kramps v Goldbetter*, 292 AD2d 571 [2002]; *Kramer v NAB Constr. Corp.*, 282 AD2d 714 [2001]). However, in opposition to its prima facie case for summary judgment, the respondents proffered evidence that OMC entered into written contracts before the subject accident pursuant to which it agreed, inter alia, to provide indemnity for claims arising from "from its own negligence or that of its agents or subcontractors" (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409 [2001]; *Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144 [1979]; *Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]; *Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48 [1953]). This is an exception to the exclusivity provision of the Workers' Compensation Law (*see* Workers' Compensation Law § 11; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998]; *Stabile v Viener*, 291 AD2d 395 [2002]). Accordingly, as issues of fact exist, OMC's motion for summary judgment was properly denied. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.