■ STANISLAW STACHURA et al., Plaintiffs, v 615-51 STREET REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. J&L LANDSCAPING, INC., Third-Party Defendant-Respondent. [803 NYS2d 114]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs 615-51 Street Realty Corp. and New Deal Realty Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated May 5, 2004, as denied that branch of their motion

which was for summary judgment in favor of New Deal Realty Corp. on its third-party claim for contractual indemnification, and granted that branch of the cross motion of the third-party defendant which was to dismiss the third-party complaint insofar as asserted by New Deal Realty Corp.

Ordered that the appeal of the defendant third-party plaintiff 615-51 Street Realty Corp., is dismissed, as that party is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant third-party plaintiff New Deal Realty Corp., on the law, that branch of the cross motion which was to dismiss the claim insofar as asserted by the defendant third-party plaintiff New Deal Realty Corp. for contractual indemnification is denied, that claim insofar as asserted by New Deal Realty Corp. is reinstated, and that branch of the motion which was for summary judgment in favor of New Deal Realty Corp. on that claim is granted; and it is further,

Ordered that one bill of costs is awarded to New Deal Realty Corp.

Contrary to the contentions of the third-party defendant, J&L Landscaping Inc. (hereinafter J&L), the record demonstrates that the "hold harmless" agreement which it entered into with the defendant third-party plaintiff New Deal Realty Corp. (hereinafter New Deal) was supported by consideration and otherwise constituted a valid and binding written contract for the purposes of Workers' Compensation Law § 11 (see generally Manns v Norstar Bldg. Corp., 4 AD3d 799, 800 [2004]; Pena v Chateau Woodmere Corp., 304 AD2d 442 [2003]; Stabile v Viener, 291 AD2d 395 [2002]). Moreover, the hold harmless agreement was not rendered unenforceable by General Obligations Law § 5-322.1, since it did not require J&L, as a subcontractor, to indemnify New Deal, as general contractor, for claims arising from New Deal's own negligence (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786 [1997]; Brown v Two Exch. Plaza Partners, 76 NY2d 172 [1990]; see also Taylor v Doral Inn, 5 AD3d 588 [2004]; Masciotta v Morse Diesel Intl., 303 AD2d 309 [2003]; Dutton v Pankow Bldrs., 296 AD2d 321 [2002]). Since New Deal made a prima facie showing of its entitlement to summary judgment by establishing its freedom from negligence, and J&L failed to raise a triable issue of fact in opposition thereto, the Supreme Court should have awarded summary judgment in favor of New Deal (see Torres v Morse Diesel Intl., Inc., 14 AD3d 401 [2005]; Biance v Columbia Washington Ventures, LLC, 12 AD3d 926, 927 [2004]; Reborchick

*v Broadway Mall Props., Inc.*, 10 AD3d 713, 714 [2004]). Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.