■ ALIDA RODRIGUEZ, Appellant, v FORD MOTOR COMPANY, Respondent, et al, Defendants. [879 NYS2d 129]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 15, 2007, which denied plaintiff's motion to restore the case to the trial calendar, and granted defendant Ford Motor Company's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiff's motion granted and Ford's cross motion denied.

Plaintiff originally based her products liability claim against Ford on a "transient signal" theory postulating that the Ford vehicle that struck her had a design defect by which electromagnetic signals from unknown sources and for unknown reasons caused the vehicle's cruise control to fully open the throttle, in turn causing the vehicle to suddenly accelerate without the driver manipulating the gas pedal, and also causing the steering and brakes to stop functioning. The trial court, after a lengthy *Frye* hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]), precluded this theory on the ground that it has no support in the scientific community, and also precluded plaintiff's expert. At plaintiff's request, the trial court then removed the case from the trial calendar pending plaintiff's appeal. After the appeal was dismissed (17 AD3d 159 [2005]), plaintiff sought to restore the case to the calendar, asserting that she would proceed against Ford on a negligence theory based on circumstantial evidence. Ford opposed the motion and cross-moved for summary judgment. The court denied plaintiff's motion to restore and granted Ford's cross motion for summary judgment, finding that plaintiff's circumstantial evidence theory "is inextricably intertwined with, and dependent upon, the precluded theory of 'transient signals.' "

Preliminarily, the court properly considered Ford's cross motion since good cause existed for Ford's delay in making it (CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]), namely, the eve-of-trial order precluding plaintiff's then sole transient-signal theory of liability, as well as her expert, and the subsequent unsuccessful appeal. Further, the motion practice that resulted in dismissal began with plaintiff seeking to restore

the action to the calendar; Ford's motion for summary judgment was, in effect, merely opposition to that motion. While Ford should have attached a copy of the pleadings to its cross motion (CPLR 3212 [b]), the defect was properly overlooked (*see Breytman v Olinville Realty, LLC*, 46 AD3d 484, 485 [2007], *lv dismissed in part and denied in part* 11 NY3d 768 [2008]).

"In order to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). Assuming, without deciding, that Ford met its initial burden, thus shifting the burden to plaintiff to come forward with competent evidence tending to show that the driver, Nyiri, was not intoxicated or negligent, we hold that plaintiff did come forward with such evidence, specifically, Nyiri's deposition testimony that he had only had one glass of wine in an hour and a half and was not intoxicated, that the car accelerated when he put it in reverse without stepping on the gas, and that the steering wheel froze and the brakes did not work. This testimony suffices to raise a triable issue of fact since, if credited, the jury could conclude that the vehicle did not perform as intended and that plaintiff excluded all other causes of the accident not attributable to Ford (*see Speller*, 100 NY2d at 44; *Jarvis v Ford Motor Co.*, 283 F3d 33, 46 [2d Cir 2002], *cert denied* 537 US 1019 [2002]). Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.