■ ROBERT KOTARA, Respondent, v CITY OF NEW YORK et al., Respondents, and DRAIN KLEEN SEWER SERVICE, INC., Appellant. [890 NYS2d 350]—

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, a party who enters into a contract to render services may be said to have assumed a duty of care and, thus, may be potentially liable in tort to third persons where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Here, the appellant established its entitlement to judgment as a matter of law by demonstrating, prima facie, that none of the exceptions are applicable to this case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the respondents failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.