◼ CHARLENE L. COLLINS, Respondent, v J.P. MORGAN CHASE & Co. et al., Defendants, and AMERICAN BUILDING MAINTENANCE CO. OF NEW YORK-MANHATTAN et al., Appellants. [899 NYS2d 306]—

In an action to recover damages for personal injuries, the defendants American Building Maintenance Co. of New York-Manhattan and American Building Maintenance Co. of New York appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 24, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

At approximately 9:15 A.M. on July 11, 2002, the plaintiff, while working as an employee of Prudential Financial at One New York Plaza in Manhattan (hereinafter the premises), allegedly was injured when, while walking down an interior staircase between the 14th and 15th floors of the building located at the premises, she slipped on a dust-like substance and fell. The defendants American Building Maintenance Co. of New York-Manhattan and American Building Maintenance Co. of New York (hereinafter together ABM), had entered into a service contract with the owner of the premises to provide cleaning services for certain floors and areas of the premises. The Supreme Court denied ABM's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 928 [2009]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). "However, a party who enters into a contract to render services may be said to have assumed a duty of care and, thus, may be potentially liable

in tort to third persons where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Kotara v City of New York*, 68 AD3d 1063, 1064 [2009]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

Here, ABM demonstrated that the plaintiff did not detrimentally rely upon the continued performance of its duties, and that the contract ABM entered into with the property owner was not so comprehensive and exclusive that it entirely displaced the owner's duty to safely maintain its premises (*see Shang Sook Min v ABM, Inc.*, 47 AD3d 699, 700 [2008]). However, ABM failed to demonstrate its entitlement to judgment as a matter of law with respect to whether it exercised reasonable care in the performance of its duties and, if not, whether it did not thereby launch a force or instrument of harm (*see George v Marshalls of MA, Inc.*, 61 AD3d at 929).

The parties' remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court properly denied ABM's motion for summary judgment dismissing the complaint insofar as asserted against it. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.