■ SUSAN SHEA, Respondent, v PUTNAM GOLF, INC., Doing Business as PUTNAM COUNTY NATIONAL GOLF CLUB, Appellant-Respondent, and COUNTY OF PUTNAM, Respondent-Appellant. [915 NYS2d 576]—

In an action to recover damages for personal injuries, the defendant Putnam Golf, Inc., doing business as Putnam County National Golf Club, appeals from (1) so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 15, 2009, as granted that branch of the motion of the defendant County of Putnam which was for summary judgment dismissing the complaint insofar as asserted against the County of Putnam, and (2) so much of an order of the same court dated November 24, 2009, as granted the motion of the defendant County of Putnam for leave to reargue that branch of its motion which was for summary judgment dismissing the cross claims for contribution and indemnification against it, which was, in effect, denied in the order dated September 15, 2009, and, upon reargument, granted that branch of the motion of the County of Putnam, and denied its cross motion for leave to reargue; and the defendant County of Putnam cross-appeals from the order dated November 24, 2009.

Ordered that the appeal from so much of the order dated September 15, 2009, as granted that branch of the motion of the defendant County of Putnam which was for summary judg-

ment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Putnam Golf, Inc., doing business as Putnam County National Golf Club, is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the appeal from so much of the order dated November 24, 2009, as denied the cross motion of the defendant Putnam Golf, Inc., doing business as Putnam County National Golf Club, for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the cross-appeal from the order dated November 24, 2009, is dismissed as abandoned (see Matter of Harris v Town Bd. of Town of Riverhead, 73 AD3d 922, 925 [2010]); and it is further,

Ordered that the order dated November 24, 2009, is modified, on the law, by deleting the provision thereof which, upon reargument, granted that branch of the motion of the County of Putnam which was for summary judgment dismissing the cross claims for contribution and indemnification against it, and substituting therefor a provision, upon reargument, adhering to the prior determination, in effect, denying that branch of the motion; as so modified, the order dated November 24, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Putnam Golf, Inc., doing business as Putnam County National Golf Club, payable by the defendant County of Putnam.

The plaintiff alleged that in September 2006, while on the premises of a golf course located in the County of Putnam, she was injured when the rail of a fence upon which she was leaning gave way. The plaintiff sued the County, which owned the premises, and Putnam Golf, Inc., doing business as Putnam County National Golf Club (hereinafter Putnam Golf), which operated the premises, to recover damages for personal injuries. The two defendants asserted various cross claims against one another.

The County moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. By order dated September 15, 2009, the Supreme Court, inter alia, granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and, in effect, denied that branch of the County's motion which was for summary judgment dismissing all cross claims against it. The County then moved for leave to reargue, contending, among other things, that Putnam Golf's cross claims for contribution and indemnification against it also

should have been dismissed. By order dated November 24, 2009, the Supreme Court, inter alia, granted the County's motion for leave to reargue, and, upon reargument, granted that branch of its motion which was for summary judgment dismissing Putnam Golf's cross claims against it for contribution and indemnification. The Supreme Court also denied a cross motion made by Putnam Golf for leave to reargue. Putnam Golf appeals from both orders.

Contrary to Putnam Golf's contention, the Supreme Court providently exercised its discretion in granting the County's motion for leave to reargue (*see Scarito v St. Joseph Hill Academy*, 62 AD3d 773, 775 [2009]; *cf. Rodriguez v Ford Motor Co.*, 62 AD3d 573, 574 [2009]; *Breytman v Olinville Realty, LLC*, 46 AD3d 484, 485 [2007]). However, upon reargument, the Court should have adhered to its original determination which, in effect, denied that branch of the County's motion which was for summary judgment dismissing the cross claims for contribution and indemnification asserted against it by Putnam Golf. The claim for contribution from the County lies in favor of Putnam Golf, regardless of whether the plaintiff's right of recovery against the County has been extinguished (*see Raquet v Braun*, 90 NY2d 177, 182-183 [1997]; *Torres v W.J. Woodward Constr., Inc.*, 32 AD3d 847, 848 [2006]). Furthermore, because there are triable issues of fact as to whether the County was negligent in maintaining the fence, the County was not entitled to summary judgment dismissing the cross claim for contribution. For similar reasons, the County was not entitled to summary judgment dismissing the cross claim for common-law indemnification (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]).

"The right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *see Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). Here, in light of certain language concerning structural repairs in the management agreement between the County and Putnam Golf, as well as the subsequent replacement of the fence by the County after the plaintiff's accident, the County failed to establish, prima facie, that it was entitled to judgment as a matter of law dismissing Putnam Golf's claim for contractual indemnification. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.