■ MICHAEL MARTIN, Respondent, v THOMAS HUANG et al., Defendants, and ANGELO COSTA et al., Appellants. [926 NYS2d 622]—

In an action, inter alia, to recover damages for injury to property, the defendants Angelo Costa and Costa Design appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated June 1, 2010, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant G.I.C. Construction Company, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants Angelo Costa and Costa Design for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendants Angelo Costa and Costa Design, and one bill of costs payable by the defendant G.I.C. Construction Company, Inc., to the plaintiff.

The plaintiff commenced this action alleging, inter alia, that the retaining wall on his property collapsed due to the negligent planning and performance of excavation work conducted in connection with a construction project on the adjoining property owned by the defendant 63 Drive Corp. (hereinafter 63 Drive). The defendant New Main Street & 41st Road Construction (hereinafter New Main) was the general contractor for the construction project, which called for the construction of four one-family homes. The defendants Angelo Costa and Costa Design (hereinafter together the Costa defendants) entered into a contract with New Main to perform certain architectural services for the construction project. New Main hired the defend-

ant G.I.C. Construction Company, Inc. (hereinafter GIC), as the excavating subcontractor for the project.

The Supreme Court did not err in denying GIC's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. A party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort, to third persons where, inter alia, "the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [internal quotation marks omitted]; *see Mosca v OCE Holding, Inc.*, 71 AD3d 1103, 1104 [2010]), where it completely displaces a landowner's duty to maintain property in a reasonably safe condition pursuant to a comprehensive and exclusive agreement, or where a plaintiff detrimentally relies on the continued performance of its contractual duties (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Here, GIC's submissions failed to eliminate all triable issues of fact as to whether, in allegedly failing to exercise reasonable care in the performance of its excavation work, it launched a force or instrument of harm or completely displaced the landowner's obligations to maintain the property, or whether a claimant relied on its performance of contractual duties, and thereby potentially subjected itself to liability to the plaintiff (*id.*; *see Collins v J.P. Morgan Chase & Co.*, 72 AD3d 729, 730 [2010]; *Hixon v Congregation Beit Yaakov*, 57 AD3d 328, 328 [2008]). Accordingly, the Supreme Court properly denied that branch of GIC's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Since there are triable issues of fact as to GIC's negligence, the Supreme Court also properly denied those branches of GIC's motion which were for summary judgment dismissing the cross claims for contribution and indemnification asserted against it (*see Shea v Putnam Golf, Inc.*, 79 AD3d 1013, 1015 [2010]; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]).

However, the Costa defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by establishing that they owed no duty to the plaintiff in the first instance (*see Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *Plaisir v Royal Home Sales*, 81 AD3d 799, 801 [2011]); nor did they assume any "duty of care" in the performance of their contractual obligations (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140). In opposition, the plaintiff failed to raise a triable issue of fact (*see*

*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Consequently, the Supreme Court should have granted that branch of the Costa defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The Costa defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cross claims for contribution and indemnification asserted against them by establishing that they breached no duty to the plaintiff (*see Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821, 824 [2007]). None of the other defendants opposed these branches of the Costa defendants' motion and, therefore, no triable issue of fact was raised (*see Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 979 [2006]). Accordingly, the Supreme Court should have granted those branches of the Costa defendants' motion which were for summary judgment dismissing the cross claims for contribution and indemnification asserted against them. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.