■ JOSEPH GORHAM, Respondent, v RELIABLE FENCE & SUPPLY CO., INC., Defendant/Third-Party Defendant-Appellant, PREMIER STORAGE SOLUTIONS OF THIRD AVENUE, LLC, Respondent, and RACANELLI CONSTRUCTION COMPANY, INC., Defendant/Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [938 NYS2d 815]

On April 24, 2004, the plaintiff allegedly sustained personal injuries when an electronically operated fence closed on his hand. He commenced the instant action sounding in negligence against the defendants Premier Storage Solutions of Third Avenue, LLC (hereinafter Premier), the owner of the subject premises, Racanelli Construction Company, Inc. (hereinafter Racanelli), the general contractor, and Reliable Fence & Supply Co., Inc. (hereinafter Reliable), the installer of the fence. Thereafter, Racanelli commenced a third-party action against, among others, Reliable.

Reliable moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Thereafter, Premier cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Racanelli also cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated November 10, 2009, the Supreme Court, inter alia, denied Reliable's motion, granted those branches of the respective cross motions of Premier and Racannelli which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them, and granted that branch of Racanelli's cross motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against Reliable. In an order dated Juen 18, 2010, the Supreme Court, upon reargument, adhered to its prior determination, and granted that branch of Premier's cross motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against Reliable.

Contrary to Reliable's contention, the Supreme Court, upon reargument, properly adhered to its prior determination denying that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it. A party who enters into a contract to render services may be said to have assumed a duty of care and, thus, may be potentially liable in tort to third persons where, inter alia, "the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [internal quotation marks omitted]; *see Mosca v OCE Holding, Inc.*, 71 AD3d 1103, 1104 [2010]). Here, triable issues of fact exist as to whether, in allegedly failing to exercise reasonable care in the installation of the subject gate, Reliable launched a force or instrument of harm (*see Martin v Huang*, 85 AD3d 1132, 1133 [2011]). Since there are triable issues of fact as to Reliable's negligence, the Supreme Court, upon reargument, also properly adhered to its prior determination denying those branches of Reliable's motion which were for summary judgment dismissing the cross claims insofar as asserted against it (*id.*; *see Shea v Putnam Golf, Inc.*, 79 AD3d 1013, 1015 [2010]; *Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]).

However, the Supreme Court, upon reargument, should not have adhered to its prior determination granting that branch of Racanelli's cross motion which was for summary judgment dismissing Reliable's cross claims insofar as asserted against it. Racanelli made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of its project manager, who stated, in effect, that Racanelli did not have control over the work site (*see Soto v City of New York*, 244 AD2d 544, 545 [1997]; *cf. Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]). However, in opposition, Reliable raised triable issues of fact, inter alia, as to whether Racanelli had control over the work site. In this regard, Reliable submitted deposition testimony indicating that Racanelli employees inspected the subject gate to make sure that it was properly installed and that a Racanelli employee inspected all of the work of its subcontractors.

Moreover, it was premature to grant those branches of the cross motions of Premier and Racanelli which were for summary judgment on their respective cross claim and third-party cause of action for contractual indemnification against Reliable (*see Brasch v Yonkers Constr. Co.*, 306 AD2d 508, 510-511 [2003]; *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]).

Reliable's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.