*981 The defendant David Bruhns, doing business as Wood Brook Landscaping (hereinafter Wood Brook), removed several bushes from a grass-covered island, located in the middle of a parking lot in a condominium community known as Fairview Artist Lake Condominium I, pursuant to a verbal agreement with the board of managers of the condominium (hereinafter the Board). In removing the bushes, Wood Brook left stumps, measuring approximately four inches high, in the grass-covered island. Approximately two years later, the plaintiff, a resident of the condominium, walked across the subject island, and tripped and fell on one of the stumps, sustaining injuries.
The plaintiff commenced this action to recover damages for personal injuries against, among others, Wood Brook and the Board. Wood Brook moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Board cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, in the alternative, for summary judgment on so much of its cross claim as sought common-law indemnification from Wood Brook. The Supreme Court denied the motion and cross motion.
Wood Brook failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the ground that it owed no duty to the plaintiff. Although the plaintiff alleged in the complaint and bill of particulars that Wood Brook created a dangerous condition by leaving the stumps from the bushes in the grass-covered *982 island (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]), Wood Brook failed to eliminate triable issues of fact as to whether, in allegedly failing to exercise reasonable care as to the removal of the bushes, it launched a force or instrument of harm, and thereby potentially subjected itself to liability to the plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]; Martin v Huang, 85 AD3d 1132, 1133 [2011]; Collins v J.P. Morgan Chase & Co., 72 AD3d 729, 730 [2010]).
As to the Board’s cross motion, while a landowner has a duty to maintain its premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233 [1976]), a landowner has no duty to protect or warn against open and obvious conditions that are not inherently dangerous (see King v 230 Park Owners Corp., 95 AD3d 1079 [2012]; Weiss v Half Hollow Hills Cent. School Dist., 70 AD3d 932 [2010]; Bretts v Lincoln Plaza Assoc., Inc., 67 AD3d 943 [2009]). Here, although the Board argued that the stumps were open and obvious and were not inherently dangerous, it failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on that ground (see King v 230 Park Owners Corp., 95 AD3d 1079 [2012]; Bretts v Lincoln Plaza Assoc., Inc., 67 AD3d 943 [2009]).
The Board was not entitled to summary judgment on its cross claim for common-law indemnification against Wood Brook because it failed to satisfy its prima facie burden of establishing that it was not negligent (see Fritz v Sports Auth., 91 AD3d 712 [2012]; George v Marshalls of MA, Inc., 61 AD3d 925 [2009]).
Wood Brook’s remaining contention is without merit.
Accordingly, the Supreme Court properly denied the motion and cross motion for summary judgment. Eng, E J., Skelos, Lott and Cohen, JJ., concur.