Order, Supreme Court, New York County (Louis B. York, J.), entered March 6, 2012, which denied the motion of defendants RPI Industries, Inc. and Regal-Pinnacle MFC (collectively RPI) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
RPI failed to establish entitlement to judgment as a matter of law in this action where plaintiff was injured when a stone shelf manufactured and installed by RPI fell on her right arm, fracturing her wrist. Although plaintiff was not a party to RPI’s contract with defendant M. Tucker & Co., she sufficiently alleged that RPI “launche[d] a force or instrument of harm” by either negligently installing the shelf or by failing to inspect and shore up the shelf’s support following the collapse of a similarly installed shelf (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks omitted]; cf. Gordon v Pitney Bowes Mgt. Servs., Inc., 94 AD3d 813 [2d Dept 2012]). Accordingly, to demonstrate its entitlement to summary judgment, RPI was required, but failed, to tender evidence showing there was no issue of fact concerning its negligence. Moreover, even if we were to find that RPI met its prima facie burden, there are triable issues as to whether RPI was negligent in using only epoxy to support a 50-pound shelf.
Because there are issues of fact concerning RPI’s negligence, the cross claims for contribution and indemnification cannot be dismissed (see Gorham v Reliable Fence & Supply Co., Inc., 92 AD3d 834, 837 [2d Dept 2012]). Concur — Friedman, J.E, Sweeny, Moskowitz, Freedman and Román, JJ.