■ DERRICK BATTS, Appellant-Respondent, v IBEX CONSTRUCTION, LLC, Respondent-Appellant, and SUTTON PLACE GROUP, LLC, et al., Respondents, et al., Defendants. [977 NYS2d 282]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (Bayne,

J.), dated October 28, 2011, as granted that branch of the motion of the defendant Sutton Place Group, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court dated January 27, 2012, as granted that branch of the cross motion of the defendant IBEX Construction, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant IBEX Construction, LLC, cross-appeals from stated portions of the order dated October 28, 2011.

Ordered that the cross appeal is dismissed; and it is further,

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant Sutton Place Group, LLC, and the cross motion of the defendant IBEX Construction, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them, respectively, are denied.

The plaintiff allegedly sustained personal injuries when he slipped and fell on an interior staircase in the building in which he worked.

The Supreme Court erred in granting that branch of the motion of the defendant Sutton Place Group, LLC (hereinafter Sutton Place Group), which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was the parent company or the alter ego of the plaintiff's employer. The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff (*see Quizhpe v Luvin Constr. Corp.*, 103 AD3d 618, 618-619 [2013]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595 [2010]; *Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d 522, 522-523 [2008]). A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer (*see Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619; *Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d at 522-523; *Ortega v Noxxen Realty Corp.*, 26 AD3d 361, 362 [2006]). A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity (*see Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d at 523). "A parent corporation may be deemed to be an employer of an employee of

a subsidiary corporation for Workers' Compensation purposes if the subsidiary functions as the alter ego of the parent" (*Dennihy v Episcopal Health Servs.*, 283 AD2d 542, 543 [2001]; *see Ploszaj v Cooper Tank & Welding Corp.*, 213 AD2d 385 [1995]). However, a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other (*see Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]; *Dennihy v Episcopal Health Servs.*, 283 AD2d at 543).

Here, Sutton Place Group failed to make a prima facie showing either that it and the plaintiff's employer operated as a single integrated entity or that either company controlled the day-to-day operations of the other. Although Sutton Place Group presented some evidence that the two entities were related, the evidence Sutton Place Group submitted revealed the existence of triable issues of fact as to whether the Workers' Compensation Law bars the action against Sutton Place Group because it was the parent company or an alter ego of the plaintiff's employer (*see Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *Constantine v Premier Cab Corp.*, 295 AD2d at 304; *Dennihy v Episcopal Health Servs.*, 283 AD2d at 543). Since Sutton Place Group failed to sustain its prima facie burden, denial of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it was required without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d 769, 771 [2011]).

The Supreme Court also erred in granting that branch of the cross motion of the defendant IBEX Construction, LLC (hereinafter IBEX), which was for summary judgment dismissing the complaint insofar as asserted against it. A contractor may be held liable for injuries to a third party where, in undertaking to render services, the contractor, inter alia, negligently creates or exacerbates a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Martin v Huang*, 85 AD3d 1132 [2011]; *Collins v J.P. Morgan Chase & Co.*, 72 AD3d 729 [2010]).

Here, although IBEX submitted the deposition testimony of its Executive Vice President, Scott Yarmus, which established that the staircase itself was not within the scope of the work that IBEX was hired to perform, and the only work performed in the stairwell was the painting of the walls, it also submitted a document entitled "IBEX Punch List—Balducci's," which

includes an item listed under the heading "Stair #3" that states: "1. Remove plywood & Secure Loose/broken marble tread at the cellar level—IBEX." This evidence created an issue of fact as to whether IBEX created the defect in the subject stair. Thus, IBEX failed to eliminate triable issues of fact as to whether it launched a force or instrument of harm, and thereby potentially subjected itself to liability to the plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142; *Martin v Huang*, 85 AD3d at 1133; *Collins v J.P. Morgan Chase & Co.*, 72 AD3d at 730).

In a slip and fall case, "[a] plaintiff's inability to identify the cause of his or her fall is fatal to his or her cause of action, since, in that instance, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009] [internal quotation marks omitted]; *see Antonia v Srour*, 69 AD3d 666, 666 [2010]; *Knox v United Christian Church of God, Inc.*, 65 AD3d 1017 [2009]; *Scott v Rochdale Vil., Inc.*, 65 AD3d 621 [2009]; *Howe v Flatbush Presbyt. Church*, 48 AD3d 419, 420 [2008]; *Jackson v Fenton*, 38 AD3d 495 [2007]). The plaintiff testified at his deposition that, as he was descending the staircase, his foot slipped on the second to last stair. He did not know what caused his foot to slip. However, he also testified that his foot landed on the bottom stair which was covered with a plywood plank. The plank moved when his foot landed on it, causing him to slip off of that stair and to fall on the floor. Thus, contrary to IBEX's contention, it failed to make a prima facie showing that the staircase was not in a hazardous condition and that the plaintiff's fall was not proximately caused by it (*see Jackson v Fenton*, 38 AD3d at 496; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587, 587-588 [2004]). The fact that the alleged defective condition of the staircase was open and obvious only raises an issue of fact as to the plaintiff's comparative fault (*see Monaghan v Lake Park 135 Crossways Park Dr., LLC*, 80 AD3d 679, 680 [2011]; *Jackson v Fenton*, 38 AD3d at 496; *Dunitz v J.L.M. Consulting Corp.*, 22 AD3d 455 [2005]). Since IBEX failed to sustain its prima facie burden, denial of that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was required without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

The cross appeal must be dismissed as abandoned (*see Trinagel v Boyar*, 99 AD3d 792, 793 [2012]), as the brief filed by

IBEX does not seek reversal or modification of any portion of the order dated October 28, 2011. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.