■ Jason Hartshorne, Plaintiff, v Pengat Technical Inspections, Inc., Appellant, et al., Defendants. [977 NYS2d 399]—

In a consolidated action to recover damages for personal injuries, the defendant Pengat Technical Inspections, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated July 20, 2012, as denied those branches of its unopposed motion which were for summary judgment dismissing the causes of action al-

leging common-law negligence and violation of Labor Law § 200 insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the appellant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against it are granted.

The plaintiff, who was employed by nonparty subcontractor New Hope Pipe Liners, LLC (hereinafter New Hope), was working as a flagman stationed next to a high-pressure water hose that ran perpendicularly across Route 110 in Huntington. The hose, which was operated by a worker employed by the defendant Pengat Technical Inspections, Inc. (hereinafter Pengat), had been placed there at the direction of New Hope's foreman, in order to flush out a sewer line. The plaintiff was instructed by his foreman to flag approaching drivers to slow down as they drove through the work zone. At around midnight, a passing motorist disregarded the plaintiff's warning to slow down and sped through the work zone, allegedly causing the hose to strike the plaintiff's legs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained as a result of the accident. The plaintiff asserted causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The complaint also asserted causes of action to recover damages for common-law negligence and violation of Labor Law § 200 on the ground that the accident arose from an allegedly dangerous condition at the work site.

Pengat moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted those branches of Pengat's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and denied those branches of Pengat's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against it.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 850 [2006]). "Where, as alleged here, a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the

premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *see Sotomayer v Metropolitan Transp. Auth.*, 92 AD3d 862, 864 [2012]; *McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1093 [2012]).

Here, Pengat established, prima facie, that it did not have the requisite control over the work site (*see Gorham v Reliable Fence & Supply Co., Inc.*, 92 AD3d 834, 837 [2012]; *Ortiz v I.B.K. Enters., Inc.*, 85 AD3d 1139, 1140 [2011]; *cf. Sotomayer v Metropolitan Transp. Auth.*, 92 AD3d at 864). Since neither the codefendants nor the plaintiff submitted opposition to Pengat's motion, Pengat's prima facie case showing of its entitlement to summary judgment in its favor was unrebutted. Accordingly, the Supreme Court should have granted those branches of Pengat's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against it. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur. **[Prior Case History: 2012 NY Slip Op 32126(U).]**