In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 26, 2012, as granted those branches of the motion of the defendants EBC Contractors, Inc., and EBCO Contracting, Inc., and the separate motion of the defendant Ohel Children’s Home and Family Services, Inc., which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against each of them, and (2) so much of a judgment of the same court dated February 23, 2012, as, upon the order, is in favor of the defendants EBC Contrae *826 tors, Inc., EBCO Contracting, Inc., and Ohel Children’s Home and Family Services, Inc., dismissing the first, third, and fifth causes of action insofar as asserted against each of them.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the motion of the defendants EBC Contractors, Inc., and EBCO Contracting, Inc., and the separate motion of the defendant Ohel Children’s Home and Family Services, Inc., which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against each of them are denied, the first, third, and fifth causes of action are reinstated insofar as asserted against the defendants EBC Contractors, Inc., EBCO Contracting, Inc., and Ohel Children’s Home and Family Services, Inc., and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants appearing separately and filing separate briefs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
While working in an office building, the plaintiff Robert J. Forseth (hereinafter the injured plaintiff), allegedly sustained severe hearing loss when he was subjected to dangerously loud noise from demolition work contracted for by the defendant Ohel Children’s Home and Family Services, Inc. (hereinafter Ohel), the owner of a portion of the building in which the injured plaintiff worked, and performed by the defendants EBC Contractors, Inc., and EBCO Contracting, Inc. (hereinafter together the contractors). The injured plaintiff, and his wife suing derivatively, commenced this action against Ohel and the contractors alleging, inter alia, negligence.
After discovery, the contractors moved, and Ohel separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions and entered a judgment, inter alia, dismissing the complaint. The plaintiffs appeal from so much of the judgment as dismissed the causes of action to recover damages for negligence.
The contractors failed to establish that they did not owe the *827 injured plaintiff a duty of care. Specifically, they failed to establish that, in performing their contractual obligations to Ohel, they did not, by allegedly producing excessive construction noise, launch a “force or instrument of harm” (Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]; see Robles v Bruhns, 99 AD3d 980, 981-982 [2012]; Martin v Huang, 85 AD3d 1132, 1133 [2011]). The contractors did, however, submit evidence that established, prima facie, that their performance of the demolition work did not cause the injured plaintiffs severe hearing loss. In opposition, the plaintiffs raised a triable issue of fact on the element of causation. The plaintiffs submitted the affirmation of the injured plaintiffs physician, who examined him two days after the incident and opined, with a reasonable degree of medical certainty, that his drastic loss of hearing was in response to a loud acoustical event (see Carter v Grenadier Realty, 83 AD3d 640, 642 [2011]; cf. Izaguirre v New York City Tr. Auth., 106 AD3d 878, 879 [2013]). Accordingly, the Supreme Court should have denied those branches of the contractors’ motion which were for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against them.
The Supreme Court also erred in granting those branches of Ohel’s motion which were for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it. Ohel, the owner of the unit where the work was taking place, failed to establish that it did not owe a duty to the injured plaintiff (see Backiel v Citibank, 299 AD2d 504, 505-506 [2002]). Inasmuch as Ohel failed to establish its prima facie entitlement to judgment as a matter of law on the causes of action to recover damages for negligence, those branches of its motion should have been denied without regard to the sufficiency of the plaintiffs’ papers submitted in opposition (see Griffith v JK Chopra Holding, LLC, 111 AD3d 666, 666-667 [2013]). Balkin, J.E, Chambers, Austin and Roman, JJ., concur.