■ PALMANA REALTY CORP. et al., Appellants, v MANSOUR ZANDIEH et al., Defendants, and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., Respondent. (And Third-Party Actions.) [24 NYS3d 734]—

In an action, inter alia, to recover damages for injury to property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered July 11, 2013, as granted that branch of the motion of the defendant Langan Engineering and Environmental Services, Inc., which was for summary judgment dismissing the third cause of action in the second amended complaint insofar as asserted against it, and denied their cross motion for summary judgment on the issue of liability on that cause of action insofar as asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action alleging, inter alia, that excavation work on property owned by the defendants Mansour Zandieh and Zand Development, LLC (hereinafter the Zand site), caused damage to property owned and/or controlled by the plaintiffs, which is situated immediately adjacent to the Zand site. The defendant Langan Engineering

and Environmental Services, Inc. (hereinafter Langan), contracted with Zandieh to provide geotechnical engineering services for the construction project, which included making recommendations for the foundation of a 26-story building and for site preparation.

The Supreme Court properly granted that branch of Langan's motion which was for summary judgment dismissing the third cause of action in the second amended complaint, which alleged negligence, insofar as asserted against it. In general, a contractual relationship, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, pursuant to one of the exceptions to the general rule, tort liability to a third party may arise "where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm" (*Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d 734, 736 [2015], citing *Espinal v Melville Snow Contrs.*, 98 NY2d at 138).

Here, Langan demonstrated its prima facie entitlement to judgment as a matter of law dismissing the subject cause of action by establishing that it did not launch a force or instrument of harm or otherwise "assume[ ] a duty of care—and thus [become] potentially liable in tort—to third persons" under the *Espinal* exceptions (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *see Martin v Huang*, 85 AD3d 1132, 1133 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.